# Exhibit A

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2382CV00798 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): | Anjali Gupta | | COUNTY | Suffolk |
|---|---|---|---|---|
| ADDRESS: | 224 Kent Rd. | | | |
| | Ardmore, PA | DEFENDANT(S): | Harvard Business Publishing Corporation | |
| ATTORNEY: | Susanne Hafer | | | |
| ADDRESS: | Greene & Hafer LLC | ADDRESS: | 20 Guest Street, Suite 700, Brighton MA 02135 | |
| | 529 Main Street, Powerhouse Building | | | |
| | Charlestown MA 02192 | | | |
| BBO: | 674474 | | | |

| CODE NO. | TYPE OF ACTION AND TRACK DESIGNATION (see reverse side) | | |
|---|---|---|---|
| | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
| A4 | Unpaid Wages/Independent Contractor Misclassify | F | ☒ YES ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?
☐ YES ☒ NO

Is this a class action under Mass. R. Civ. P. 23?
☐ YES ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ............................................................ $_____
 2. Total doctor expenses .............................................................. $_____
 3. Total chiropractic expenses ...................................................... $_____
 4. Total physical therapy expenses ............................................... $_____
 5. Total other expenses (describe below) ...................................... $_____
                                                                    Subtotal (A): $_____
B. Documented lost wages and compensation to date ................... $1,000,000
C. Documented property damages to date .................................... $_____
D. Reasonably anticipated future medical and hospital expenses ... $_____
E. Reasonably anticipated lost wages ........................................... $_____
F. Other documented items of damages (describe below) .............. $_____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Defendant misclassified plaintiff as an independent contractor and failed to pay wages and provide benefits due by law

TOTAL (A-F): $over $1,000,0

over $1,000,000

### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $_____

Signature of Attorney/ Unrepresented Plaintiff: X /s/     Date: 8/25/23

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X /s/     Date: 08/25/2023

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK SUPERIOR COURT

_____
                                            )
ANJALI GUPTA                                )
            Plaintiff,                      )
                                            )
    v.                                      )   C. A. No. _____ 2382CV00798
                                            )
                                            )
HARVARD BUSINESS SCHOOL PUBLISHING           )
CORPORATION                                 )
            Defendant.                      )
                                            )
_____)

## COMPLAINT

### Introduction

Plaintiff Anjali Gupta seeks damages against the Defendant for misclassification of her employment as an Independent Contractor, unpaid wages, late payment of wages, and damages under the "Massachusetts Wage Act," M.G.L. c. 149 §§ 148, 148B, and 150, M.G.L. c. 151 §§ 1A and 1B, Breach of Contract, Quantum Meruit and Promissory Estoppel. For eleven years, until June 2023, Plaintiff worked for the Defendant as a Project Manager. For the entire period she was misclassified as an Independent Contractor. At all times the terms of her employment were governed by a written Independent Contractor Agreement ("Contractor Agreement"). The Contractor Agreement contained a Massachusetts Choice of Law provision, guaranteed payment of Plaintiff's invoices within thirty days of receipt, and provided for an hourly rate of pay for work performed. Throughout her employment, the Defendant routinely paid Plaintiff's invoices late. For the entirety of her employment, Plaintiff was not free from control and direction in connection with the performance of services for the Defendant, the services she performed were not outside the usual course of the business of the Defendant, and Plaintiff was not customarily

engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.  As a result of the misclassification of her employment, Plaintiff was denied timely payment of wages, never received payment for overtime that she worked, and was denied valuable benefits that the Defendant provided to its employees.  After Defendant terminated Plaintiff's employment in June 2023, Defendant failed to timely pay her earned wages and has, as of the date of this filing, still failed to pay all outstanding invoices and wages due to the Plaintiff.  Plaintiff seeks damages in an amount to be determined at trial including, without limitation, treble damages, attorney fees, lost interest, and costs.

### **Parties and Jurisdiction**

1. Defendant Harvard Business School Publishing Corporation ("HBSP") is located in Brighton Massachusetts.

2. At all relevant times, HBSP's was headquartered in and its office was located in Brighton Massachusetts.

3. Plaintiff, a Pennsylvania resident, was employed as a remote employee by HBSP.

4. At all relevant times, Plaintiff provided services from her home to HBSP at their Massachusetts location.

5. Plaintiff was permitted to work remotely for HBSP but would travel to Massachusetts for work as requested by Defendant.

6. At all relevant times, Defendant provided Plaintiff with a Massachusetts work telephone number and required Plaintiff to use a signature block on all work-related communications identifying her place of work as Harvard Business Publishing, 20 Guest St. Suite 700, Brighton MA 02135.

2

7. At all relevant times Plaintiff's work for the Defendant was governed by a written Independent Contractor Agreement that was renewed annually ("Contractor Agreements").

8. The Contractor Agreements were drafted by the Defendant, "a wholly owned subsidiary of Harvard University with offices at 20 Guest Street, Suite 700, Brighton MA 02135 ("HBSP")."

9. The only parties to the Contractor Agreement were Plaintiff and the Defendant.

10. Pursuant to the Contractor Agreements, Plaintiff's relationship with the Defendant was "governed and interpreted in accordance with the laws of the Commonwealth of Massachusetts (excluding conflicts of laws thereof). All disputes hereunder shall be resolved in the applicable state or federal courts in Massachusetts. The parties consent to the jurisdiction of such courts and waive any jurisdictional or venue defenses otherwise available."

11. The Defendant is an employer subject to Massachusetts Wage Act laws and are required to compensate Plaintiff in accordance with the requirements imposed on employers pursuant to M.G.L. c 149 §§ 148, 148B, and 150 and M.G.L. 151 §§ 1A and 1B.

12. Plaintiff's work for the Defendant had no substantial relationship to any place other than Massachusetts, Plaintiff had no clients in Pennsylvania, did not develop business for the Defendant in Pennsylvania, had no in person client meetings or meetings with the Defendant in Pennsylvania, and Defendants have no offices in Pennsylvania.

13. Plaintiff has filed a wage complaint with the Massachusetts Attorney General's office.

**Factual Allegations**

14. At all relevant times, Defendant had control over Plaintiff's pay and working conditions.

3

15. At all relevant times, Plaintiff provided services exclusively to Defendant and did not provide services to any other employers or clients.

16. During the time that she provided services to the Defendant, Plaintiff was not engaged in any other independent trade or business other than her work for the Defendant and did not employ anyone to provide services to the Defendant or anyone else.

17. At all relevant times, Plaintiff worked as a Project Manager for the Defendant.

18. During and after Plaintiff's work for the Defendant, Defendant employed other Project Managers as employees.

19. The work performed by Plaintiff and other Project Managers was substantially the same in all respects.

20. Defendant provided valuable benefits and legal protections to the other Project Mangers who were classified as employees by the Defendant. Plaintiff was denied those same benefits and protections.

21. HBSP provides leadership development programs to its clients by providing, among other things, assistance and tools to educate and develop leaders and educators.

22. As a Project Manager, Plaintiff worked closely with HBSP's clients to manage client relationships and deliver leadership development programs to clients.

23. Plaintiff's responsibilities also included: 1) leading day to day project team in delivering client engagements; 2) designing project plans and managing timelines, budget and resource allocation; 3) Project management for the technical implementation of learning platforms/portals; 4) Advising on marketing learning programs and developing communications/launch plans; 5) contributing to client needs assessment sand curriculum development; 6) collaborating with HBSP stakeholders in delivering the client

4

engagement; 7) Providing regular written updates to client administrators and HSBP client engagement team colleagues.

24. Plaintiff's services for the Defendant were within the usual course of business performed by the Defendant.

25. As a Project Manager for HBSP, Plaintiff worked full time - often more than 40 hours in a week - was closely supervised by and reported to an HBSP manager, utilized HBSP provided equipment to perform her work, was required to utilize HBSP systems to complete her projects, and was required to attend internal and client meetings.

26. The Contractor Agreements permitted Defendant to terminate their relationship with the Plaintiff at any time if she performed any work for a competitor.

27. Pursuant to the Contractor Agreements, Plaintiff was to be compensated $75.00 per hour for her work.

28. Pursuant to the Contractor Agreements, Plaintiff was required to submit an itemized statement of her time worked and services performed to the Defendant on a monthly basis and Defendant would pay the invoice "30 days thereafter."

29. Plaintiff was only paid for hours that she worked. If she took time off for any reason including vacation or sick time, she was not paid.

30. Pursuant to the Contractor Agreement, Plaintiff was not "guarantee[d] any minimum number of days or any minimum payment" and Defendant never provided Plaintiff with any benefits, unemployment insurance, overtime pay.

31. Defendant repeatedly and willfully failed to pay Plaintiff's invoices within 30 days after they were submitted by Plaintiff.

5

32. Defendant never paid Plaintiff her earned wages within six days of the end of the statutory pay period pursuant to M.G.L. 149 § 148.

33. On June 20, 2023, Defendant terminated the Plaintiff's Contractor Agreement ("Termination Date").

34. On the Termination Date the Defendant owed Plaintiff $42,768.75 in outstanding invoiced work ("Earned Wages").

35. Defendant did not pay Plaintiff's Earned Wages on her termination date.

36. Even after repeated requests for payment to the Defendant following her Termination Date, Plaintiff has still not been paid over $5,000 in Earned Wages.

37. At all relevant times, Defendant did not submit tax payments to state or federal agencies in connection with the work Plaintiff performed for them, did not provide Plaintiff with unemployment insurance and did not provide Plaintiff with the same employee benefits provided to similarly situated employees including, but not limited to, Paid Time Off, Paid Holidays, Personal Days, Sick Leave, Early Release Summer Fridays, Retirement Contributions or Health Insurance Contributions.

38. During her work for Defendants, Plaintiff regularly worked overtime.

39. Defendant never paid Plaintiff at a rate of time and half her hourly rate for overtime work she performed.

40. Defendant misclassified Plaintiff as an independent contractor in violation of M.G.L. ch. 149 s. 148B ("Misclassification Statute"), depriving her of the valuable benefits and protections provided to Defendant employees and always paid Plaintiff after the statutorily required payment date.

**COUNT I – MISCLASSIFICATION UNDER M.G.L. Ch. 149 s. 148B**

6

41. The Plaintiff re-alleges the allegations contained in paragraphs 1-40.

42. The Plaintiff was misclassified as an independent contractor by the Defendant. She was required to submit an invoice for payments and was not offered any of the benefits offered to similarly situated employees.

43. The Plaintiff's duties were within the usual course of business for HBSP.

44. Plaintiff was not free from control and direction of the Defendant.

45. Plaintiff is not customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the services performed for Defendant.

46. At all relevant times, the defendants qualified as an employer under M.G.L. Chapter 149 and was subject to its provisions.

47. At all relevant times, the plaintiff was an employee under M.G.L. Chapter 149 and entitled to its protections.

48. Plaintiff has suffered compensatory damages as a result of Defendant's actions.

49. Pursuant to M.G.L. c. 149 § 27C, Defendant is liable for treble damages, prejudgment interest, plus costs and reasonable attorneys' fees.

### **COUNT II - MASSACHUSETTS WAGE ACT - M.G.L. c. 149 §148**

50. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-49 above.

51. Plaintiff was not timely paid for all of the hours worked for Defendant.

52. Plaintiff was regularly paid more than six days after the end of the pay period between August 2020 and the Termination Date.

53. Defendant's conduct is a violation of the Massachusetts Wage Act.

7

54. At all relevant times, the defendants qualified as an employer under M.G.L. Chapter 149 and was subject to its provisions.

55. At all relevant times, the plaintiff was an employee under M.G.L. Chapter 149 and entitled to its protections.

56. Plaintiff has suffered compensatory damages as a result of Defendant's actions.

57. Pursuant to M.G.L. c. 149 § 150, Defendant is liable for treble damages, prejudgment interest, plus costs and reasonable attorneys' fees.

## COUNT II – FAILURE TO PAY OVERTIME - M.G.L. c. 151§§1A and 1B

58. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-57 above.

59. Plaintiff regularly worked over forty hours in a work week.

60. Plaintiff was not paid at a rate of time and half for all overtime worked for Defendant.

61. At all relevant times, the defendants qualified as an employer under M.G.L. Chapter 149 and was subject to its provisions.

62. At all relevant times, the plaintiff was an employee under M.G.L. Chapter 151 and entitled to its protections.

63. Plaintiff has suffered compensatory damages as a result of Defendant's actions.

64. Pursuant to M.G.L. c. 149 § 150, Defendant is liable for treble damages, prejudgment interest, plus costs and reasonable attorneys' fees.

## COUNT III- BREACH OF CONTRACT

65. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-64 above.

66. Defendant contracted with Plaintiff to provide services in exchange for compensation.

8

67. Plaintiff provided the contracted services.

68. Defendant breached the contract by failing to pay Plaintiff the contractually agreed upon compensation.

69. Defendant breached the contract by failing to pay Plaintiff for her services within the contractually agreed upon time period.

70. Plaintiff suffered damages as a result of Defendant' breach.

## COUNT IV – PROMISSORY ESTOPPEL

71. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1- 70 above.

72. As an alternative theory to Counts I through III, Plaintiff alleges that Defendant made a promise to pay Plaintiff for all work performed.

73. Plaintiff relied upon the promise and provided services in reliance on the promise to be paid for the services.

74. Defendant failed to pay Plaintiff for all worked performed at the amount and in the manner promised.

75. Plaintiff suffered damages as a result of Defendant' actions.

## COUNT V- QUANTUM MERUIT

76. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1- 75 above.

77. As an alternative theory to Counts I-IV, Plaintiff alleges that she performed valuable services for Defendant, which were accepted and enjoyed by Defendant.

78. Plaintiff reasonably expected to be compensated for her work.

79. Defendant reasonably expected to compensate Plaintiff.

9

80. Defendant was unjustly enriched by failing to fully compensate Plaintiff for her work.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

I.   Determine the damages sustained by Plaintiff as a result of Defendant' violations of M.G.L. Ch. 149 §§ 148, 148B, 150; M.G.L. c. 151§§1A and 1B and award those damages as against the Defendant in favor of Plaintiff, including treble damages, liquidated damages, and prejudgment interest.

II.  Determine the damages sustained by Plaintiff as a result of Defendant' breach of contract, promissory estoppel, and/or quantum meruit claims and award those damages against the Defendant in favor of Plaintiff.

III. Award Plaintiff costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees and expenses.

IV.  Any other or further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE**.

ANJALI GUPTA,
By her Attorney,

____/s/ Susanne Hafer_____
Susanne Hafer, Esq, (BBO #674474)
Greene & Hafer, LLC
529 Main St., Ste. P200
Charlestown, MA 02129
Ph. 617-398-7284
shafer@greeneandhafer.com

August 25, 2023